{¶ 43} Because I disagree with the majority's resolution of the third assignment of error, I respectfully dissent.
 {¶ 44} I see a major problem involving R.C. 5104.09(D) and the rules for implementing R.C. 5104.09(D) as enacted through the efforts of the Ohio Department of Job and Family Services.
 {¶ 45} R.C. 5104.09(D) reads:
 The director of job and family services shall adopt rules pursuant to Chapter 119. of the Revised Code to implement this section, including rules specifying exceptions to the prohibition in division (A)(1) of this section for persons who have been convicted of an offense listed in that division but meet rehabilitation standards set by the department.
 {¶ 46} R.C. 5104.09(D) clearly contemplates that the director of the Ohio Department of Job and Family Services shall adopt rules which set forth rehabilitation standards for all the offenses listed which bar licensing. These offenses range from aggravated murder through rape to low-grade felonies such as theft, unauthorized use of a motor vehicle, possession of an unauthorized cable television device and forgery. Someone who has committed one of the low-grade felonies at a remote time in the past clearly could be fully rehabilitated and capable of appropriately handling the funds provided through the Ohio Department of Job and Family Services. The legislature recognized this and expected the Ohio Department of Job and Family Services to adopt rules to implement the statute, not to disregard or thwart it. See Hoffman v.State Medical Bd. Of Ohio, 113 Ohio St.3d 376, 2007-Ohio-2201, at ¶ 17
("[administrative rules are *Page 23 
designed to accomplish the ends sought by the legislation enacted by the General Assembly").
 {¶ 47} In response, Ohio Adm. Code 5102:2-14-11(N) et seq. was adopted. Ohio Adm. Code 5102:2-14-11(N) et seq. allows certification only if: (1) the disqualifying criminal offense was a misdemeanor which had been sealed or which was more then five years old; or (2) the Governor of Ohio has granted an unconditional pardon as to the felony offense, no matter how many years have passed since the offense or how low grade the felony might have been.
 {¶ 48} Ohio Adm. Code 5102:2-14-11(N) et seq. is clearly unreasonable at best, and at worst, openly conflicts with the clear legislative intent that persons convicted of felonies in the past should be considered eligible for daycare licenses. Thus, I can only conclude that the provisions of the administrative code enacted to implement R.C.5104.09(D) actually thwart the clear legislative intent and laws are invalid.
 {¶ 49} Having concluded that the rules are unreasonable and in conflict with the intent of the legislature, I would consider what remedy is available to appellant. In Hoffman, an anesthesiologist assistant filed an action for declaratory and injunctive relief against the State Medical Board of Ohio, asserting that an administrative rule was in conflict with the statute that lists the authorized activities of anesthesiologist assistants. The Supreme Court of Ohio agreed and found the regulation invalid. Accordingly, the Supreme Court of Ohio reversed the judgment of the court of appeals which had affirmed summary judgment for the agency. *Page 24 
 {¶ 50} In another case involving allegations of invalid rules, the Hoover Company challenged the Bureau of Workers' Compensation's new formula for calculating employers' assessments in a handicap participation plan. Hoover claimed that the rules promulgated to invoke the new assessment were not formulated in accordance with R.C. Chapter 119, and were therefore invalid. Hoover brought an action in mandamus seeking a writ to compel the Bureau of Workers' Compensation to consider its withdrawal from participation in the program or to calculate its assessment under the pre-rule rate standard. This court found the rules invalid, but denied the writ on the grounds that the invalidity of the administrative rule conferred no right to retroactive consideration of Hoover's withdrawal from the handicap reimbursement program. The case was appealed to the Supreme Court of Ohio which held that Hoover was not entitled to the affirmative relief it requested, denied the writ, and declined to pass on the validity of the administrative rule. State exrel. Hoover Co. v. Mihm (1996), 76 Ohio St.3d 619.
 {¶ 51} The Supreme Court of Ohio went on to state that "the invalidation of an administrative rule does not, as Hoover seems to argue, necessarily leave the regulated agency rudderless in carrying out its statutory duties. Rather, the agency must still execute authority reasonably and in a manner consistent with the objectives and standards that governing statutes impose." Id. at 624. See, also, Dressler CoalCorp. v. Call (1981), 4 Ohio App.3d 81, 85 (agency permissibly enforced statutory standards with internally developed evaluation criteria where its previously adopted rules had been enjoined and new rules had not yet been promulgated). *Page 25 
 {¶ 52} Since I view the rules and administrative code enacted through the efforts of ODJFS as being in conflict with the clear intent of R.C.5104.09(D), I would remand the case to the Franklin County Department of Job and Family Services to determine if Lorrie A. Cosby has been rehabilitated rather than automatically barring her from having a license because of illegal conduct which occurred 22 years ago. Because the majority of the panel reaches a different conclusion, I respectfully dissent. *Page 1