OPINION *Page 2 
{¶ 1} Appellant Spitzer Auto World Canton LLC appeals the decision of the Stark County Court of Common Pleas, which granted a monetary judgment and attorney fees in favor of Appellee Reynold Williams, Jr. in a consumer sales practices lawsuit. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant is a Pontiac-GMC automobile dealership in located in Canton, Ohio. In early October 2004, Appellee Williams made a couple of visits to appellant's showroom, expressing an interest in purchasing a new sport-utility vehicle. He first looked at a 2004 GMC Yukon Denali, but decided it was out of his price range. He then turned his attention to a 2004 GMC Yukon SLT, a "demonstrator" vehicle with 4,900 miles on the odometer, being sold as a new vehicle. Appellee ultimately purchased the Yukon SLT and traded in his 2003 Ford Explorer.
 {¶ 3} The purchase agreement, signed on October 7, 2004, contained a provision that if the true payoff balance of the loan appellee carried on his trade-in vehicle (the Ford Explorer) was more than the estimated payoff balance of $29,000, appellee would pay the difference to appellant. It turned out that the true payoff balance on the Explorer was $31,000; hence, appellee returned to the dealership on October 28, 2004 and December 3, 2004, conveying a $1,000 check each time to cover the $2,000 discrepancy.
 {¶ 4} On October 10, 2006, appellee filed a lawsuit seeking relief under the Consumer Sales Practices Act ("CSPA"). Appellant therein alleged that appellant's agents had misrepresented the Yukon SLT as a new vehicle, had allowed $15,500 in trade-in as opposed to a purportedly promised figure of $16,500, had required appellee *Page 3 
to sign a second financing agreement with an 11% interest rate instead of 8.5%, had unlawfully assessed a $97.50 "dealer overhead charge," and had failed to allow for or document "employee discount" pricing as requested by appellee.
 {¶ 5} The matter proceeded to a jury trial on May 8 and 9, 2007. A directed verdict was granted on two of appellee's four claims. The jury returned a verdict in favor of appellee for $2,500, which the court later trebled to $7,500 under R.C. 1345.09(B). In essence, the jury found in favor of appellant on the "demonstrator vehicle" issue, but determined that appellant had committed an unfair and/or deceptive trade act by giving appellee $1,000 less for his trade-in vehicle than had allegedly been agreed to.
 {¶ 6} On June 29, 2007, the trial court issued judgment entries addressing all post-verdict issues, including, inter alia, awarding appellee's counsel a total of $7,000 in attorney fees.
 {¶ 7} Appellant filed a notice of appeal on July 3, 2007. Appellee filed a notice of cross-appeal, regarding the issue of attorney fees, on July 6, 2007.
 {¶ 8} Appellant herein raises the following four Assignments of Error in its appeal:
 {¶ 9} "I. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR DIRECTED VERDICT AT THE CLOSE OF DEFENDANT'S CASE.
 {¶ 10} "II. THE TRIAL COURT ERRED BY ALLOWING THE PLAINTIFF TO OFFER PAROL EVIDENCE WHERE THE TERMS OF THE CONTRACT WERE CLEAR, COMPLETE AND UNAMBIGUOUS WITH REGARD TO THE ISSUE FOR WHICH THE PAROL EVIDENCE WAS OFFERED. *Page 4 
 {¶ 11} "III. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT ON THE ISSUE OF LIABILITY UNDER THE CONSUMER SALES AND PRACTICES ACT AND ON THE ISSUE OF NON-ECONOMIC DAMAGES.
 {¶ 12} "IV. THE TRIAL COURT ERRED BY ALLOWING THE JURY TO CONSIDER NON-ECONOMIC DAMAGES WHERE THE PLAINTIFF-APPELLEE FAILED TO OFFER ANY EVIDENCE OF NON-ECONOMIC DAMAGES WHATSOEVER."
 {¶ 13} Appellee herein raises the following sole Assignment of Error on cross-appeal:
 {¶ 14} "I. THE TRIAL COURT ERRRED (SIC) IN REDUCING THE AMOUNT OF THE `LODESTAR' FIGURE FOR ATTORNEY'S FEES AWARDED TO APPELLEE/CROSS-APPELLANT, WHO HAD PREVAILED ON HIS CLAIMS UNDER OHIO'S CONSUMER SALES PRACTICES ACT, R.C. 1345.01 ET SEQ."
 I., II., III. {¶ 15} In its First Assignment of Error, appellant contends the trial court erred in denying its motion for a directed verdict. In its Second Assignment of Error, appellant argues the trial court erred in permitting the introduction of parol evidence regarding the sales transaction. In its Third Assignment of Error, appellant maintains the trial court erred in denying its motion for judgment notwithstanding the verdict. We disagree on all three counts.
 {¶ 16} The standard of review for the grant or denial of a motion for a directed verdict is whether there is probative evidence which, if believed, would permit *Page 5 
reasonable minds to come to different conclusions as to the essential elements of the case, construing the evidence most strongly in favor of the non-movant. Brown v. Guarantee Title Trust/Arta (Aug. 28, 1996), Fairfield App. No. 94-41, citing Sanek v. Duracote Corp. (1989), 43 Ohio St .3d 169, 172, 539 N.E.2d 1114. A motion for a directed verdict therefore presents a question of law, and an appellate court conducts a de novo review of the lower court's judgment. Howell v. Dayton Power Light Co. (1995), 102 Ohio App.3d 6, 13, 656 N.E.2d 957, 961. Ohio appellate courts have applied a standard of review to Civ. R. 50(B), addressing the grant of a judgment notwithstanding the verdict, in essentially the same fashion as a Civ. R. 50(A) motion for a directed verdict.
 {¶ 17} The crux of appellant's overall argument is that appellee's case was built on parol evidence, which, if excluded, would not permit reasonable minds to come to different conclusions concerning the parties' sales transaction. Specifically, appellant sets forth that the sales agreement recites "TRADE ALLOWANCE" with a bold arrow pointing to box on the document, with "$15,500" printed inside. Plaintiff's Exhibit 23.
 {¶ 18} Appellant's argument presupposes that the parol evidence rule is inherently recognized in CSPA cases. However, in Wall v. Planet Ford,Inc., 159 Ohio App.3d 840, 825 N.E.2d 686, 2005-Ohio-1207, the Court recognized that a number of common law defenses do not apply to a claim under the CSPA "because the claim is based not on the contract, but on oral or other misrepresentations." Id. at ¶ 25, quoting Doody v.Worthington, Franklin Cty. M.C. No. M 9011CVI-37581, 1991 WL 757571, citing National Consumer Law Center, Unfair and Deceptive Acts and Practices (2d Ed. 1988), Sections 4.2.15 and 5.2.4. "For the same reason, the statute of frauds, the *Page 6 
parol evidence rule, contractual limitations on liability, and contractual limitations on remedies do not apply." Id.
 {¶ 19} R.C. 1345.02(A) states as follows: "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after thetransaction." (Emphasis added). We reiterate that the CSPA "is a remedial law which is designed to compensate for traditional consumer remedies and so must be liberally construed pursuant to R.C. 1.11."Einhorn v. Ford Motor Co. (1990), 48 Ohio St.3d 27, 29, 548 N.E.2d 933. Likewise, the purpose of the CSPA is to protect consumers in a manner not afforded under the common law. Elder v. Fischer (1998),129 Ohio App.3d 209, 214 (citations omitted).
 {¶ 20} Because the gravamen of appellee's case is based on the aforesaid section of the CSPA, we hold the parol evidence rule does not apply under these circumstances, and that a directed verdict and judgment notwithstanding the verdict were properly denied.
 {¶ 21} Appellant adds an argument under these assigned errors that appellee's claims should have been barred by the doctrines of laches and estoppel by waiver, because appellee did not earlier assert his "trade allowance" claim, even when he returned to the dealership two months later to pay on the shortfall pertaining to the payoff balance on his prior vehicle (see our recitation of facts, supra). Although the format of appellant's argument does not comply with App. R. 16(A), upon review we find no error in the trial court's rejection of any defenses of laches and estoppel by waiver in this matter. *Page 7 
 {¶ 22} Accordingly, appellant's First, Second, and Third Assignments of Error are overruled.
 IV. {¶ 23} In its Fourth Assignment of Error, appellant contends the trial court erred in allowing the jury to consider evidence of non-economic damages. We disagree.
 {¶ 24} Pursuant to R.C. 1345.09(B), if a supplier is found to be in certain violations of R.C. 1345.02, treble damages are awardable. SeeBird v. E-Z TV Appliance (March 13, 1990), Washington App. No. 89 CA 11.
 {¶ 25} In Whitaker v. M.T Automotive, Inc. (2006), 111 Ohio St.3d 177,181, 855 N.E. 2d 825, the Ohio Supreme Court held: "* * * [I]n an action brought under the CSPA, all forms of compensatory relief, including noneconomic damages, are included within the unrestricted term `damages' under R.C. 1345.09(A)." Moreover, an appellate court will generally not consider any error which a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. See, e.g., Pastor v. Pastor, Fairfield App. No. 04 CA 67, 2005-Ohio-6946, ¶ 17, citing State v.1981 Dodge Ram Van (1988),36 Ohio St.3d 168, 170, 522 N.E.2d 524. The record in this matter indicates that appellant did not submit jury interrogatories, pursuant to Civ. R. 49(B), to specifically address the issue of damages. As a result, we have no evidence before us as to how the jury calculated damages in this matter, and we must therefore presume the correctness of the jury's verdict. See Jury v. Ridenour (June 15, 1999), Richland App. No. 98CA100, citing Powers v. Jayne (March 18, 1996), Licking App. No. 95-CA-54. *Page 8 
 {¶ 26} Accordingly, appellant's Fourth Assignment of Error is overruled.
 Cross-Appeal I. {¶ 27} In his sole Assignment of Error on Cross-Appeal, appellee challenges the amount of attorney fees awarded to him by the trial court.
 {¶ 28} Pursuant to R.C. 1345.09(F)(2), "[t]he court may award to the prevailing party a reasonable attorney's fee limited to the work reasonably performed, if * * * [t]he supplier has knowingly committed an act or practice that violates this chapter."
 {¶ 29} This Court has recognized that "[a]ctions brought under R.C. Title 13 typically involve relatively small damages, yet the cost of recovering those damages may be enormous, as the offending suppliers may stoutly defend themselves * * * Confronted with the likelihood of incurring very much more debt in attorney fees than could be recovered in damages, most consumers would never bring or continue to prosecute an action for a private remedy." Gaskill v. Doss (Dec. 26, 2000), Fairfield App. No. 00 CA 4, quoting Sprovach v. Bob Ross Buick, Inc. (1993),90 Ohio App.3d 117, 121, 628 N.E.2d 82.
 {¶ 30} The record supports that appellant did not question the number of hours expended on the case by appellee's counsel, nor was the reasonableness of the hourly rate called into question. Tr., June 29, 2007, at 7, 53. Nonetheless, the trial court reduced the propounded figure of $11, 216.00 by nearly forty percent, justifying its decision by noting that fees in excess of $7,000 would "simply be too disproportionate." While we are generally reluctant to override a trial court's discretion in addressing attorney fees, we note the Ohio Supreme Court has clearly "* * * rejected] the *Page 9 
contention that the amount of attorney fees awarded pursuant to R.C. 1345.09(F) must bear a direct relationship to the dollar amount of the settlement, between the consumer and the supplier." Bitner v. Tri-CountyToyota (1991), 58 Ohio St.3d 143, 144. Here, upon the essential stipulation to the basic hours expended and the reasonableness of the rate, the question remained of the reasonableness of expending legal resources on all of appellee's claims. However, when appellee's expert witness was questioned on this issue, he clearly testified that he found no evidence of work performed on the non-CSPA claims, and that the actual CSPA portion involved claims that were not "easily separated." Tr. at 23-24. Under these facts and circumstances, we are compelled to reject, on the grounds of abuse of discretion, the trial court's disproportionality rationale for reducing appellee's claimed attorney fees.
 {¶ 31} We therefore hold appellee's sole Assignment of Error on cross-appeal is sustained on the issue of attorney fees.
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is hereby affirmed in part and reversed in part. Attorney fees in the amount of $11,216.00 are awarded to appellee.
 Wise, J. Hoffman, P. J., and Delaney, J., concur. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part. Attorney fees in the amount of $11,216.00 are hereby awarded to appellee.
 Costs assessed to appellant. *Page 1