[Cite as *Williams v. Spitzer Autoworld Canton, L.L.C.,* 122 Ohio St.3d 546, 2009-Ohio-3554.]

WILLIAMS, APPELLEE, *v.* SPITZER AUTOWORLD CANTON, L.L.C., APPELLANT.

[Cite as *Williams v. Spitzer Autoworld Canton, L.L.C.,*

**122 Ohio St.3d 546, 2009-Ohio-3554.**]

*Contract — Parol evidence — Consumer Sales Practices Act — The parol evidence rule applies to actions brought pursuant to the Consumer Sales Practices Act — Ohio Adm.Code 109:4-3-16(B)(22) in this context unconstitutionally usurps the legislative function — Judgment reversed.*

(No. 2008-1337 — Submitted April 22, 2009 — Decided July 28, 2009.)

APPEAL from the Court of Appeals for Stark County,

No. 2007 CA 00187, 2008-Ohio-2535.

_____

**SYLLABUS OF THE COURT**

1.  To the extent that Ohio Adm.Code 109:4-3-16(B)(22) conflicts with the parol evidence rule as codified by R.C. 1302.05 and allows parol evidence contradicting the final written contract, Ohio Adm.Code 109:4-3-16(B)(22) constitutes an unconstitutional usurpation of the General Assembly's legislative function and is therefore invalid.

2.  The parol evidence rule applies to actions brought pursuant to the Consumer Sales Practices Act, and absent proof of fraud, mistake, or other invalidating cause, a consumer may not present extrinsic evidence contradicting the parties' final written contract to prove a violation of that act.

_____

**O'DONNELL, J.**

{¶ 1} This case presents the question of whether the purchaser of an automobile may use parol evidence to contradict the terms of a final written

purchase agreement in a Consumer Sales Practices Act action against an automobile dealer who allegedly failed to integrate an oral representation into the final written purchase agreement. Absent fraud, mistake, or other invalidating cause, a final written agreement may not be contradicted by evidence of a prior or contemporaneous oral agreement, and therefore a consumer may not use parol evidence to contradict the final written agreement to prove a violation of the Consumer Sales Practices Act. Accordingly, we reverse the judgment of the court of appeals.

### Facts and Procedural History

{¶ 2} In October 2004, appellee Reynold Williams Jr. purchased a 2004 GMC Yukon SLT from appellant Spitzer Autoworld Canton, L.L.C. The purchase agreement specified that appellee would receive a trade-in allowance of $15,500 for his 2003 Ford Explorer and also contained a merger clause, providing that it comprised the entire agreement between the parties. Almost two years later, Williams filed this action in the common pleas court alleging, among other claims, that Spitzer violated the Consumer Sales Practices Act ("CSPA"), R.C. Chapter 1345, by not integrating a prior oral agreement – that he would receive a trade-in allowance of $16,500 for the Ford Explorer – into the purchase agreement. Although he admitted at trial that on the final written purchase agreement, the "trade allowance is about as bold of print there as anywhere on that form," Williams explained that he did not notice that the contract provided a trade-in allowance of $15,500 rather than the promised $16,500 because he had focused on whether he could afford the monthly payment. According to Williams, he did not discover the discrepancy until weeks later, when the dealership informed him that his financing had been declined and that he owed an additional $2,000 to pay off the loan secured by the Explorer. However, even though he believed that he had received too little for his Explorer, he brought the dealership two separate checks for $1,000 each.

**{¶ 3}** At trial, Thomas Capozzi, the salesman who sold the Yukon to Williams, testified that he had not promised Williams a $16,500 trade-in allowance for the Explorer, and the finance manager who worked on the deal explained that he had gone over the information on the final purchase agreement with Williams, including the $15,500 trade-in allowance and the final purchase price of the Yukon. In rebuttal, Williams testified that no one went through the purchase agreement with him line by line and that he did not agree to a trade-in allowance of $15,500.

**{¶ 4}** The jury found that Spitzer knowingly violated the CSPA by orally promising Williams $1,000 more than it provided in the written purchase agreement, and it awarded him $2,500 in compensatory damages. The trial court entered a judgment in favor of Williams, imposed treble damages pursuant to R.C. 1345.09(B), and awarded attorney fees.

**{¶ 5}** Spitzer appealed, contending that the parol evidence rule barred introduction of evidence of a prior oral agreement relating to a trade-in allowance that contradicted the written purchase agreement for the Yukon. The Fifth District Court of Appeals rejected that argument and affirmed the judgment, holding that the parol evidence rule does not apply to a claim brought pursuant to the CSPA " ' "because the claim is based not on the contract, but on oral or other misrepresentations." ' " *Williams v. Spitzer Auto World Canton L.L.C.*, Stark App. No. 2007 CA 00187, 2008-Ohio-2535, at ¶ 18, quoting *Wall v. Planet Ford, Inc.,* 159 Ohio App.3d 840, 2005-Ohio-1207, 825 N.E.2d 686, at ¶ 25, quoting *Doody v. Worthington* (Apr. 10, 1991), Franklin M.C. No. M 9011 CVI-37581, 1991 WL 757571, * 3. The appellate court explained that the CSPA protects consumers in a manner not available under the common law and that as a remedial law, it is to be liberally construed. Id. at ¶ 18 – 19.

**{¶ 6}** We accepted Spitzer's discretionary appeal to determine whether the parol evidence rule applies to actions brought pursuant to the CSPA and

precludes evidence of a prior oral agreement that contradicts a final written agreement. *Williams v. Spitzer Autoworld Canton, L.L.C.*, 119 Ohio St.3d 1485, 2008-Ohio-5273, 894 N.E.2d 1243.

**Proposition of Law**

{¶ 7} Spitzer contends that the parol evidence rule applies to CSPA claims arising out of contractual relationships and that it prohibits testimony regarding prior oral agreements that specifically contradict terms in the final written contract. It asserts that applying the parol evidence rule to Williams's claim upholds the enforceability of written contracts and does not jeopardize the legislature's purpose in enacting the CSPA because the exceptions to the parol evidence rule (to supply a missing term, to clarify an ambiguity, and to vitiate a contract when fraud is involved) adequately protect consumers.

{¶ 8} Williams maintains that he did not offer parol evidence to contradict or invalidate the contract; instead, he claims that he sought to prove that Spitzer committed an unfair or deceptive act when it failed to integrate a prior oral agreement regarding the trade-in allowance into the written purchase agreement. He argues that common law contract defenses do not apply to statutory causes of action such as the CSPA, and he emphasizes that regulations promulgated by the attorney general expressly make it a deceptive and unfair act for a dealer not to integrate all oral promises made to the consumer into the written contract. Further, Williams cites authority from other jurisdictions in support of the proposition that the parol evidence rule does not apply to claims brought pursuant to consumer protection statutes when an oral representation is the basis for the claim.

{¶ 9} We are therefore called upon to resolve the question whether the parol evidence rule applies to claims brought pursuant to the CSPA and bars testimony regarding prior oral representations that contradict a final written

contract when the alleged unfair or deceptive act is the failure to integrate the oral representations into the signed writing.

### Law and Analysis

{¶ 10} The CSPA prohibits unfair or deceptive acts and unconscionable acts or practices by suppliers in consumer transactions whether they occur before, during, or after the transaction. R.C. 1345.02(A) and 1345.03(A). The parties do not dispute that the sale of the Yukon involved a consumer transaction by a supplier regulated by the CSPA.

{¶ 11} The General Assembly has delegated authority to the attorney general to "[a]dopt, amend, and repeal substantive rules defining with reasonable specificity acts or practices that violate sections 1345.02 [and] 1345.03 * * * of the Revised Code." R.C. 1345.05(B)(2). Pursuant to this authority, the attorney general has promulgated Ohio Adm.Code 109:4-3-16(B)(22), which makes it a violation of the CSPA for a "dealer * * * in connection with the advertisement or sale of a motor vehicle, to * * * [f]ail to integrate into any written sales contract, all material statements, representations or promises, oral or written, made prior to obtaining the consumer's signature on the written contract with the dealer."

{¶ 12} However, Williams relies on parol evidence to establish his claim that Spitzer failed to integrate an oral agreement relating to the trade-in allowance into the written purchase agreement. The parol evidence rule provides that " 'absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.' " *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 27, 734 N.E.2d 782, quoting 11 Williston on Contracts (4th Ed.1999) 569-570, Section 33:4. "The principal purpose of the parol evidence rule is to protect the integrity of written contracts." Id. "By prohibiting evidence of parol agreements, the rule seeks to

ensure the stability, predictability, and enforceability of finalized written instruments." Id.

{¶ 13} This transaction also falls under the Uniform Commercial Code ("UCC"), which regulates the sale of goods. The UCC's parol evidence rule provides, "Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement * * *." R.C. 1302.05. In addition, "[t]he Code does not displace pre-Code law governing evidence in general, nor the admissibility of parol evidence in particular." (Footnotes omitted.) 1A Anderson on the Uniform Commercial Code (3d Ed.1996) 765, Section 2-106:7; see also 11 Williston on Contracts at 581 ("Cases interpreting the Code's parol evidence provisions indicate that, except to the extent the admissibility of evidence of a course of dealing, usage of trade and course of performance are concerned, they liberalize the traditional parol evidence rule only slightly"). Pertinent here is the fact that the common law and statutory parol evidence rules both bar the use of parol evidence to contradict a written contract.

{¶ 14} As we have explained, "[t]he parol evidence rule is a rule of substantive law that prohibits a party who has entered into a written contract from contradicting the terms of the contract with evidence of alleged or actual agreements. 'When two parties have made a contract and have expressed it in a writing to which they have both assented as the complete and accurate integration of that contract, evidence, whether parol or otherwise, of antecedent understandings and negotiations will not be admitted for the purpose of varying or contradicting the writing.' " (Citation omitted.) *Ed Schory & Sons, Inc. v. Soc. Natl. Bank* (1996), 75 Ohio St.3d 433, 440, 662 N.E.2d 1074, quoting 3 Corbin, Corbin on Contracts (1960) 357, Section 573.

**{¶ 15}** Courts have taken the view that as the prohibitions of the parol evidence rule are a matter " 'of substantive law and not a mere rule of evidence, testimony introduced in violation of the rule, even in the absence of objection thereto, can be given no legal effect.' " 11 Williston on Contracts at 581, quoting *Natl. Sur. Corp. v. Curators of Univ. of Missouri ex rel. Paul Mueller Co.* (C.A.8, 1959), 268 F.2d 525; see also *In re Estate of Holden* (2000), 343 S.C. 267, 276, 539 S.E.2d 703 ("The parol evidence rule is a rule of substantive law, not a rule of evidence. Accordingly, admission of evidence violating the parol evidence rule is legally incompetent and should not be considered even if no objection is made at trial"); *Friedman-Deems Co. v. Zimmerman* (Dec. 22, 1977), Franklin App. No. 77AP-388, 1977 WL 200678, * 2 ("the failure of appellant to object to the parol evidence or to instructions of the trial court to the jury in this regard does not constitute a waiver of the plain and ambiguous terms of the contract defining the obligations of the parties in respect to the commission. Irrespective of who introduces the testimony or under what circumstances, if introduced in violation of the parol evidence rule, it has no legal effect").

**{¶ 16}** Further, we have previously recognized that the parol evidence rule has application to claims beyond those sounding in contract. In *Ed Schory & Sons*, 75 Ohio St.3d at 440, 662 N.E.2d 1074, we applied the parol evidence rule to a claim alleging the tort of negligent misrepresentation, and we emphasized that "the parol evidence rule will not be overcome by merely alleging that a statement or agreement made prior to an unambiguous written contract is different from that which is contained in the contract." See also *J.A. Industries, Inc. v. All Am. Plastics, Inc.* (1999), 133 Ohio App.3d 76, 89, 726 N.E.2d 1066 (applying the UCC parol evidence rule to a negligent-misrepresentation claim). Because the parol evidence rule is substantive in nature and not limited in application to contract claims, we conclude that it also applies to statutory causes of action such as the CSPA.

{¶ 17} The court of appeals, here, relying on a decision of the Second District Court of Appeals, concluded that the parol evidence rule has no application in the context of an action alleging a violation of the CSPA. *Williams*, 2008-Ohio-2535, ¶ 18. Although we recognize that the General Assembly has the authority to abrogate the parol evidence rule, " 'the general assembly will not be presumed to have intended to abrogate a settled rule of the common law unless the language used in a statute clearly supports such intention.' " *Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, at ¶ 29, quoting *State ex rel. Hunt v. Fronizer* (1907), 77 Ohio St. 7, 16, 82 N.E. 518. Our cases have long established that the parol evidence rule bars extrinsic evidence of prior oral representations that contradict the parties' final written contract, and R.C. 1302.05 has codified this rule of law rather than abrogating it. No plain and express language in the CSPA manifests the General Assembly's intent to limit the application of the parol evidence rule in the causes of action that the CSPA establishes.

{¶ 18} Nor has the General Assembly delegated authority to the attorney general to abrogate the parol evidence rule. " 'Rules promulgated by administrative agencies are valid and enforceable unless unreasonable or in conflict with statutory enactments covering the same subject matter.' " *Hoffman v. State Med. Bd. of Ohio,* 113 Ohio St.3d 376, 2007-Ohio-2201, 865 N.E.2d 1259, at ¶ 17, quoting *State ex rel. Curry v. Indus. Comm.* (1979), 58 Ohio St.2d 268, 269, 12 O.O.3d 271, 389 N.E.2d 1126. A rule that is in conflict with law is invalid and unconstitutional because it usurps the General Assembly's legislative function. *Blue Cross of Northeast Ohio v. Ratchford* (1980), 64 Ohio St.2d 256, 259, 18 O.O.3d 450, 416 N.E.2d 614 ("the General Assembly is precluded from delegating its legislative function * * *").

{¶ 19} Here, Ohio Adm.Code 109:4-3-16(B)(22) provides that an automobile dealer violates the CSPA if it fails to integrate all oral representations

and promises made prior to obtaining the consumer's signature on the written contract into that contract. To the extent that Ohio Adm.Code 109:4-3-16(B)(22) conflicts with the parol evidence rule as codified by R.C. 1302.05 and allows parol evidence contradicting the final written contract, Ohio Adm.Code 109:4-3-16(B)(22) constitutes an unconstitutional usurpation of the General Assembly's legislative function and is therefore invalid.

{¶ 20} The parol evidence rule applies to actions brought pursuant to the CSPA, and absent proof of fraud, mistake, or other invalidating cause, a consumer may not present extrinsic evidence contradicting the parties' final written contract to prove a violation of that act. Here, Williams testified that Spitzer orally agreed to give him $16,500 as a trade-in allowance for his Explorer. This extrinsic evidence contradicts the final written contract, which specifies a trade-in allowance of $15,500 for that vehicle. Thus, the parol evidence rule requires exclusion of Williams's testimony absent proof of fraud, mistake, or other invalidating cause.

**Conclusion**

{¶ 21} Like the common law parol evidence rule, the parol evidence rule codified by R.C. 1302.05 serves to ensure the stability, predictability, and enforceability of finalized written contracts. The rule promulgated by the attorney general in Ohio Adm.Code 109:4-3-16(B)(22) seeks to protect consumers from unscrupulous sales practices and to prevent sellers from making oral promises secure in the knowledge that the parol evidence rule would render those promises unenforceable. However, it is the role of the General Assembly, rather than the attorney general or this court, to declare the policy of the state of Ohio. See *State ex rel. Curtis v. DeCorps* (1938), 134 Ohio St. 295, 298, 12 O.O. 96, 16 N.E.2d 459 (an administrative rule-making authority "may enforce but may not declare public policy"); *State ex rel. Cincinnati Enquirer, Div. of Gannett Satellite Info. Network, Inc. v. Dupuis*, 98 Ohio St.3d 126, 2002-Ohio-7041, 781 N.E.2d 163, at

¶ 21 ("the General Assembly is the ultimate arbiter of public policy"); *Carroll v. Dept. of Adm. Servs.* (1983), 10 Ohio App.3d 108, 110, 10 OBR 132, 460 N.E.2d 704 ("In the absence of clear legislative authorization, declarations of policy, of the nature involved in this rule, are denied administrative agencies and are reserved to the General Assembly").

{¶ 22} Thus, the administrative rule promulgated by the attorney general is not enforceable because it is in conflict with a statute, and the parol evidence rule applies to claims alleging violations of the CSPA. Accordingly, we reverse the judgment of the court of appeals.

Judgment reversed.

MOYER, C.J., and LUNDBERG STRATTON, O'CONNOR, and CUPP, JJ., concur.

PFEIFER, J., concurs in judgment only.

LANZINGER, J., concurs in paragraph two of the syllabus and in judgment only.

_____

**CUPP, J., concurring.**

{¶ 23} I join the majority opinion in all respects. I write separately to explain why I believe that the facts in this case distinguish it from some other situations in which the parol evidence rule does not bar the admission of certain evidence to support claims made under the Consumer Sales Practices Act ("CSPA"). In addition, I write to address why in my view, this case is distinguishable from the situation presented to the Second District Court of Appeals in *Wall v. Planet Ford, Inc.,* 159 Ohio App.3d 840, 2005-Ohio-1207, 825 N.E.2d 686, upon which the court of appeals here heavily relied.

{¶ 24} In essence, the court of appeals resolved the issue of this case by holding, with minimal analysis, that the parol evidence rule is inapplicable to all claims brought under the CSPA. *Williams v. Spitzer Auto World Canton L.L.C.*,

Stark App. No. 2007 CA 00187, 2008-Ohio-2535, ¶ 18-20. As the majority opinion concisely explains, this holding was overbroad in light of the pertinent statutes. The parol evidence rule applies in the circumstances of this case to prevent the introduction of extrinsic evidence to contradict the express terms of the parties' written contract.

{¶ 25} As the majority notes, the parol evidence rule states that " 'absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.' " *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 27, 734 N.E.2d 782, quoting 11 Williston on Contracts (4th Ed.1999) 569-570, Section 33:4.

{¶ 26} The parol evidence rule is a principle of substantive law providing that " 'a writing intended by the parties to be a final embodiment of their agreement cannot be modified by evidence of earlier or contemporaneous agreements that might add to, vary, or contradict the writing.' * * * The rule 'operates to prevent a party from introducing extrinsic evidence of negotiations that occurred before or while the agreement was being reduced to its final written form,' * * * and it 'assumes that the formal writing reflects the parties' minds at a point of maximum resolution and, hence, that duties and restrictions that do not appear in the written document * * * were not intended by the parties to survive.' " *Bellman v. Am. Internatl. Group*, 113 Ohio St.3d 323, 2007-Ohio-2071, 865 N.E.2d 853, ¶ 7, quoting Black's Law Dictionary (8th Ed.2004) 1149-1150.

{¶ 27} *Galmish* sets out the primary situations in which the parol evidence rule does not apply. These include occurrences involving fraud or mistake and a contract that is not truly a " 'final written integration of [the parties'] agreement.' " *Galmish*, 90 Ohio St.3d at 27, 29, 734 N.E.2d 782, quoting Williston on Contracts at 569-570. These specific situations are commonly referred to as "exceptions" or "limitations" to the rule. See generally *Russell v. Daniels-Head*

*& Assocs., Inc.* (June 30, 1987), 4th Dist. No. 1600, 1987 WL 13943, * 4, discussing six exceptions to the parol evidence rule.

**{¶ 28}** An "integration" for these purposes is "[t]he full expression of the parties' agreement, so that all earlier agreements are superseded, the effect being that neither party may later contradict or add to the contractual terms." Black's Law Dictionary (9th Ed.2009) 880. If an integration is a "complete integration," then it fully expresses the intent of the parties, and parol evidence is inadmissible. Id. On the other hand, if an integration is a "partial integration," then it does not fully express the parties' intent, and "[p]arol (extrinsic) evidence is admissible to clear up ambiguities with respect to the terms that are not integrated." Id.

**{¶ 29}** This case specifically involves a contract that the parties intended to be a final and complete integration of their agreement, and Williams is attempting to contradict an express term of that contract. His only support for his position is his allegation that an oral agreement regarding the trade-in value of his vehicle reached prior to the execution of the final contract is different from the trade-in value term that appears in the final contract.[1] However, his attempt to prove the contradictory assertion " 'is exactly what the Parol Evidence Rule was designed to prohibit.' " *Galmish*, 90 Ohio St.3d at 29, 734 N.E.2d 782, quoting Shanker, Judicial Misuses of the Word Fraud to Defeat the Parol Evidence Rule and the Statute of Frauds (With Some Cheers and Jeers for the Ohio Supreme Court) (1989), 23 Akron L.Rev. 1, 7. Consequently, once it is accepted that the parol evidence rule applies generally to CSPA cases, Williams's extrinsic evidence is not admissible under that rule.

---

1. As the majority's statement of the facts details, the final written purchase agreement clearly displayed a trade-in allowance of $15,500. In addition, Williams's actions after he claims he discovered the discrepancy regarding that allowance were inconsistent with his allegation that a discrepancy exists, in that he later tendered two separate checks for $1,000 to provide the additional money to pay off the loan secured by the trade-in vehicle without mentioning any problem either time.

**{¶ 30}** In some cases, an exception to the parol evidence rule will apply when it is asserted that the final contract is only a partial integration of the parties' agreement and that a term that should have been included in the contract was not included. In certain situations of this type, the plaintiff is permitted to offer extrinsic evidence regarding the alleged missing term. See, e.g., *Patrick v. Ressler*, 10th Dist. No. 04AP-149, 2005-Ohio-4971, ¶ 28 (the "collateral agreement rule" is an exception to the parol evidence rule that allows parol evidence to be used to show the existence of collateral agreements made prior to or contemporaneously with a written agreement). This case does not implicate any type of partial-integration exception because " 'any such collateral agreement must not contradict the terms of the written agreement, and the agreement must be one that would naturally be omitted from the written instrument.' " Id., quoting *Pingue v. Durante* (May 9, 1996), Franklin App. No. 95APG09-1241, 1996 WL 239642.

**{¶ 31}** Other common exceptions, which include clarifying a mistaken or ambiguous term and fraud as the inducement to enter into the contract, are not pertinent to the situation here, either. Because this case does not involve an exception, and because the parol evidence rule is relevant to CSPA cases, the parol evidence rule applies here to bar Williams from asserting that the contract price is different from what the contract expressly states. This case is distinguishable from cases involving exceptions to the rule because Williams is trying to directly "contradict" the express terms of the fully integrated contract.

**{¶ 32}** The situation in this case is fundamentally different from the situation considered by the Second District Court of Appeals in *Wall*, 159 Ohio App.3d 840, 2005-Ohio-1207, 825 N.E.2d 686, which the court of appeals here cited in support of its holding that certain defenses, including the parol evidence rule, do not apply in CSPA cases. In particular, the court of appeals in the case sub judice focused upon paragraph 25 of *Wall*, in which the Second District

stated: " 'Waiver, ratification, and other common law defenses do not apply to a claim under a law such as the Ohio Consumer Sales Practices Act because the claim is based not on the contract, but on oral or other misrepresentations. For the same reason, the statute of frauds, the parol evidence rule, contractual limitations on liability, and contractual limitations on remedies do not apply.' *Doody v. Worthington* [Apr. 10, 1991], Franklin Cty. M.C. No. M 9011CVI-37581, 1991 WL 757571, at * 3, citing National Consumer Law Center, Unfair and Deceptive Acts and Practices (2d Ed.1988), Sections 4.2.15 and 5.2.4." However, further examination of *Wall* does not support the court of appeals' reliance on that case for its expansive holding.

**{¶ 33}** In *Wall*, the plaintiff claimed that the auto dealership from which she had purchased her vehicle promised to pay off her home-equity line of credit that she had taken out to finance the vehicle she was trading in to the dealership. Id. at ¶ 20, 22. This alleged promise was not reduced to writing, and the purchase agreement did not mention anything about such a payoff. Id. at ¶ 23-24.

**{¶ 34}** *Wall* states that "[u]nder her CSPA claims, Wall is not attempting to enforce the oral representations made by Planet Ford as part of her contract, but is claiming that Planet Ford's representations amounted to an unfair, deceptive, and unconscionable act in connection with a consumer transaction, in violation of the CSPA. The parol evidence rule is irrelevant in this sense." Id. at ¶ 26. Even though it expressed some skepticism about Wall's version of the facts, the appellate court concluded that the trial court had improperly awarded Planet Ford summary judgment because Wall's CSPA claim raised a genuine issue of material fact. Id. at ¶ 27.

**{¶ 35}** Regardless of whether *Wall* was correctly decided, *Wall* does not support the sweeping proposition, asserted by the court of appeals herein, that the parol evidence rule is never applicable to CSPA claims. A close reading of *Wall* in its context reveals that the reason the parol evidence rule was "irrelevant" was

because the particular claims in that CSPA case were not based on the parties' contract but on the representations themselves, which the plaintiff claimed were deceptive. Moreover, those purported promises were not in the agreement at all, so there could have been no issue of whether the alleged representations underlying the plaintiff's CSPA claims "contradicted" the terms of the agreement. Equally important, even if the parol evidence rule had been held applicable in *Wall*, one or more of the exceptions to the rule allowing evidence extrinsic to the written agreement (such as fraudulent inducement, misrepresentation, or the collateral-agreement exception in that the parties did not intend the contract to be a final integration in light of its alleged missing term) likely would have applied, given the facts. Thus, the ultimate result of making the rule "irrelevant in this sense" would have been the same. Id., 159 Ohio App.3d 840, 2005-Ohio-1207, 825 N.E.2d 686, ¶ 26. In this case, in contrast, no exception to the rule is applicable. Williams merely attempts to contradict a specific term of the parties' express agreement.

{¶ 36} The first paragraph of the syllabus of the majority opinion accurately states the holding that Ohio Adm.Code 109:4-3-16(B)(22) can have no effect to the extent that it is susceptible of the interpretation that the administrative rule authorizes an automobile purchaser to present parol evidence expressly contradicting the parties' final written contract. However, this holding does not make the administrative rule ineffective in other contexts. The administrative rule is designed to avert disagreements concerning a particular term that had been discussed by the parties during negotiations but is missing from the parties' final written sales contract by specifying that "all material statements, representations or promises" should be integrated into the final contract. To the extent that Ohio Adm.Code 109:4-3-16(B)(22) clarifies that the final sales contract should not omit "material" terms that induced the consumer to

sign it, it serves a salutary purpose that is not affected by the holding of paragraph one of the syllabus.

**{¶ 37}** Finally, today's decision does not vitiate the principle that the CSPA is a remedial act that must be liberally construed. See *Einhorn v. Ford Motor Co.* (1990), 48 Ohio St.3d 27, 29, 548 N.E.2d 933. Rather, we are holding that the parol evidence rule applies to contracts upon which CSPA claims are based in the same way that the rule applies to other contracts because there is no support in the relevant statutes for a contrary result. The rule of liberal construction cannot overcome this overriding consideration. Although the court of appeals was incorrect in holding that the parol evidence rule can never apply in a CSPA case, the rule of liberal construction for CSPA claims can be relevant in evaluating whether the recognized exceptions to the parol evidence rule apply in a particular situation. The instant case, however, does not present such a situation.

MOYER, C.J., and LUNDBERG STRATTON and O'CONNOR, JJ., concur in the foregoing opinion.

———————————

Crawford, Lowry & Associates, L.L.C., and G. Ian Crawford, for appellee.

Giardini, Cook & Nicol, L.L.C., and Anthony B. Giardini, for appellant.

Stockamp & Brown, L.L.C., David A. Brown, and Deanna L. Stockamp, urging reversal for amicus curiae Automotive Dealers Association.

Bricker & Eckler, L.L.P., Kurtis A. Tunnell, Anne Marie Sferra, and Eric S. Bravo, urging reversal for amici curiae National Federation of Independent Business/Ohio and American Tort Reform Association.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Elisabeth A. Long, Deputy Solicitor, and Melissa G. Wright, Assistant Attorney General, urging affirmance for amicus curiae state of Ohio.

Equal Justice Foundation and Rachel K. Robinson, urging affirmance for amici curiae Ohio State Legal Services Association, Southeastern Ohio Legal

Services, Legal Aid of Western Ohio, Inc., Advocates for Basic Legal Equality, Legal Aid Society of Columbus, Legal Aid Society of Cleveland, Housing Advocates, Inc., and the Equal Justice Foundation.

Ronald L. Burdge and Elizabeth Ahern Wells, urging affirmance for amici curiae National Association of Consumer Advocates, Ohio Association for Justice, and Stark County Association for Justice.

_____