THE STATE, EX REL. CURRY, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

(No. 78-1215—Decided June 6, 1979.)

*Messrs. Mancino, Mancino & Mancino* and *Mr. Paul Mancino, Jr.,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. James R. Piercy,* for appellee Industrial Commission.

*Messrs. Squire, Sanders & Dempsey, Mr. Richard W. McLaren, Jr.,* and *Mr. Robert H. Gillespy, Jr.,* for intervening appellee Cleveland Frog & Crossing Co.

*Per Curiam.* Rule IC/WC-21-20(A) provided that "[a]n application for an additional award of compensation founded upon the claim that the injury * * * resulted from the failure of the employer to comply with a specific requirement for the protection of health, lives, or safety of employees, must be filed, in duplicate, with the Industrial Commission, within two years of the injury * * *."

Appellant contends that this rule is invalid in that the Industrial Commission has no statutory authority to prescribe a time limitation for filing an application for an award based upon a violation of a specific safety requirement. The commission, however, is empowered by R. C. 4121.13(E) to adopt rules "relative to the exercise of its powers," rules "to govern its procedings," as well as rules "to regulate the mode and manner of all investigations and hearings." Thus, we find that the commission promulgated IC/WC-21-20(A) pursuant to legislative authority.

Appellant contends further that the rule is invalid since it conflicts with the ten-year statute of limitations in R. C. 4123.52. Rules promulgated by administrative agencies are valid and enforceable unless unreasonable or in conflict with statutory enactments covering the same subject matter. *State, ex rel. DeBoe,* v. *Indus. Comm.* (1954), 161 Ohio St. 67, paragraph one of the syllabus. IC/WC-21-20(A) does not conflict with R. C. 4123.52. That statute provides that the commission shall have continuing jurisdiction over a case to modify or change its prior order or finding. An application for an additional award for an employer's violation of a specific safety requirement is not a *modification* of a previous award, but is a new, separate and distinct award. *State, ex rel. Carr,* v. *Indus. Comm.* (1935), 130 Ohio St. 185, 188. Thus, R. C. 4123.52 is not applicable to an original application for an additional award. Further, we find that the two-year limitations period in IC/WC-21-20(A) is not unreasonable.

Finally, appellant argues that, in any event, the time for filing his application for an additional award should have been tolled by R. C. 2305.16 while he was imprisoned in the Ohio Penitentiary. R. C. 2305.16, however, does not apply to applications for Workers' Compensation. *State, ex rel. Goodenough,* v. *Indus. Comm.* (1937), 132 Ohio St. 218.

Consequently, since appellant has not complied with a valid rule of the commission relating to the time within which a claim for an additional award based on the violation of a specific safety requirement must be filed, a writ of mandamus will not issue requiring the commission to proceed with the application. Paragraph two of the syllabus in *DeBoe, supra.*

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.