THE STATE, EX REL. VALLERY, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 84AP-957 — Decided October 17, 1985.)

*Agee, Clymer & Morgan Co., L.P.A.,* and *Philip J. Fulton,* for relator.

*Anthony J. Celebrezze, Jr.,* attorney general, *Janet E. Jackson* and *Richard C. Slavin,* for respondent Industrial Commission.

*Gingher & Christensen* and *John M. Mahota,* for respondent O.M. Scott & Sons Co.

MOYER, J. Relator, Michael D. Vallery, has filed an action in mandamus seeking an order that would require respondent Industrial Commission to vacate its order by which it denied relator compensation for temporary total disability and that would require the commission to pay relator temporary total disability compensation.

Pursuant to Civ. R. 53, the matter was referred to a referee, who has made findings of fact, conclusions of law and a recommendation to the court, to which relator has filed objections. We have reviewed the record and the arguments of the parties and are persuaded that the recommendation of the referee, that the writ of mandamus be denied, should not be adopted. The facts as found by the referee indicate that relator was employed by respondent O.M. Scott & Sons Company from 1966 to 1977, where he was exposed to vermiculite. In 1976, he was diagnosed as having right pleural effusion, exudate, etiology unknown. He returned to work in November 1977 and, in August 1982, received a letter from respondent, O.M. Scott, advising him that a study in which he participated at the University of Cin-

cinnati indicated that it was likely that his benign pleural effusion was caused by his exposure to an asbestos-like fiber at O.M. Scott. On the basis of respondent's letter to relator, he filed an occupational disease application, which was accompanied by a report of Dr. Burt in which Dr. Burt indicated he diagnosed pleural effusion but was unable to determine the cause in 1976 to 1977, and that relator was unable to work as the result of the disease from October 16, 1976 to November 13, 1977. The commission denied relator's claim, citing R.C. 4123.52, for the reason that the application for benefits was filed more than two years after the date for which relator sought benefits.

The issue presented by this mandamus action is whether R.C. 4123.52 or 4123.85 controls, where a claimant files, for the first time, an application for temporary total benefits resulting from an occupational disease where the application is filed within six months of a medical diagnosis of the claimant's condition but more than two years after the period for which benefits are sought. We hold that R.C. 4123.85 is controlling for the following reasons. R.C. 4123.52 provides, in pertinent part, as follows:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified * * * and the commission shall not make any such modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. * * *"

R.C. 4123.85 provides as follows:

"In all cases of occupational disease, or death resulting from occupational disease, claims for compensation or benefits shall be forever barred unless, within two years after the disability due to the disease began, or within such longer period as does not exceed six months after diagnosis of the occupational disease by a licensed physician or within two years after death occurs, application is made to the industrial commission or to the employer in the event such employer has elected to pay compensation or benefits directly."

R.C. 4123.52, on its face, applies to modifications or changes with respect to *former* findings or orders of the commission, as distinguished from a new application for benefits. R.C. 4123.85, which is more specific to an occupational disease claim, also refers to a two-year limitation for filing a claim but recognizes that there are instances in which an occupational disease may not be diagnosed until some time after the onset of the disease and therefore provides a six-month period after diagnosis within which an application for benefits may be filed.

The two sections of the code are not inconsistent because they apply to different situations. Such a conclusion is supported, and in fact directed, by two Supreme Court opinions. The first is *State, ex rel. Curry,* v. *Indus. Comm.* (1979), 58 Ohio St. 2d 268 [12 O.O. 3d 271], in which the Supreme Court held that R.C. 4123.52 provides that the commission shall have continuing jurisdiction over a case to modify or change its prior order or finding and that:

"* * * An application for an additional award for an employer's violation of a specific safety requirement is not a *modification* of a previous award, but is a new, separate and distinct award. [Citation omitted.] Thus, R.C. 4123.52 is not applicable to an original application for an additional award. * * *" *Id.* at 269.

Respondent commission has been unable to provide us with any reason that *Curry* does not apply to this case, except that in *Curry* the issue was whether a commission rule regarding the filing of an application for benefits

arising from a violation of a specific safety requirement conflicted with R.C. 4123.52 and that in this case we are concerned with benefits arising from an occupational disease. That distinction is not controlling because the rationale of R.C. 4123.52 applies to either case.

In *State, ex rel. Bd. of Edn.,* v. *Johnston* (1979), 58 Ohio St. 2d 132 [12 O.O. 3d 128], the Supreme Court, during the same session in which it decided *Curry*, stated that R.C. 4123.52 " 'applies only to new and changed conditions occurring *after* an original award.' (Emphasis added.)" *Id.* at 136.

The case of *State, ex rel. Wolaver,* v. *Indus. Comm.* (Aug. 9, 1977), Franklin App. No. 76AP-856, unreported, cited by respondent is not controlling to this case because, as the referee observed, it dealt with an application for compensation and benefits that had been filed subsequent to the allowance of an original condition. *Collins* v. *Western Elec. Co.* (Dec. 11, 1979), Franklin App. No. 79AP-599, unreported, is not controlling because the only issue decided in that case was whether the two-year statute of limitations provided for in R.C. 4123.84 is constitutional. That is not the issue in this case.

We hold that, when a claimant files, for the first time, an application for workers' compensation benefits for an occupational disease and the application is filed within six months of the date that the condition is diagnosed but more than two years after the period for which benefits are sought, the commission must apply R.C. 4123.85 and not R.C. 4123.52 in determining whether it has jurisdiction to consider the claim.

For the foregoing reasons, the writ of mandamus is granted and the commission is ordered to consider the merits of relator's application for benefits.

*Writ granted.*

WHITESIDE and STERN, JJ., concur.

STERN, J., retired, of the Supreme Court of Ohio, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.