CRAWFORD–COLE, Appellant,

v.

LUCAS COUNTY DEPARTMENT OF JOB & FAMILY SERVICES, Appellee.

[Cite as *Crawford–Cole v. Lucas Cty. Dept. of Job & Family Servs.*, 174 Ohio App.3d 617, 2008-Ohio-359.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–07–1188.

Decided Jan. 18, 2008.

Terry Lodge, for appellant.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell and Karlene D. Henderson, Assistant Prosecuting Attorneys, for appellee.

SKOW, Judge.

{¶ 1} Appellant, Patricia Crawford–Cole, appeals from a judgment entered by the Lucas County Common Pleas Court granting a motion to dismiss filed by appellee, Lucas County Department of Job & Family Services ("LCDJFS"). For the reasons that follow, we reverse the judgment of the trial court.

{¶ 2} On or about July 1, 2006, Crawford–Cole and LCDJFS entered into a one-year agreement pursuant to which Crawford–Cole, a type B home day-care provider, would provide child-care services in return for payment by LCDJFS.

{¶ 3} On July 20, 2006, LCDJFS conducted a home visit of Crawford–Cole's home. Ten violations were observed, including the presence of more than twice

as many children as were permitted to be cared for at any given time and the absence of any authorized caregivers.

{¶ 4} On July 24, 2006, Serena Rayford, Support Services Coordinator of LCDJFS, sent Crawford–Cole a letter, via certified mail, informing Crawford–Cole that LCDJFS would revoke her type B home day-care provider certificate effective August 3, 2006. The letter detailed the violations observed during the July 20, 2006 home visit and notified Crawford–Cole of her right to appeal the revocation in accordance with O.A.C. Section 5101:2–14–40. Someone in Crawford–Cole's household signed for the certified mail.

{¶ 5} In correspondence dated August 10, 2006, Crawford–Cole wrote to Deborah Ortiz, Executive Director of LCDJFS, stating that she, Crawford–Cole, had only just received the revocation letter on August 9, 2006, and had only just learned that her appeal period had expired on August 3, 2006. She additionally stated that the LCDJFS response to a voicemail she had left earlier that day was to inform her that she had missed the appeal deadline and that "per legal," there was "absolutely no way around it."

{¶ 6} On September 27, 2006, Crawford–Cole filed a notice of administrative appeal with the Lucas County Court of Common Pleas. Attached to the notice of appeal was a letter from Ortiz–Flores, dated August 28, 2006, which stated that the letter was "a follow up" to their meeting on August 22, 2006, and provided "updated information" that she had requested, along with a summary of case notes from Crawford–Cole's file with LCDJFS.

{¶ 7} LCDJFS filed its motion to dismiss Crawford–Cole's appeal on October 23, 2006. In an opinion and judgment entry journalized on May 2, 2007, the trial court granted the motion, finding that because Crawford–Cole did not timely request a county review hearing pursuant to O.A.C. 5101:2–14–40, she failed to exhaust her administrative remedies, leaving the trial court without subject-matter jurisdiction to address the appeal. Crawford–Cole timely appealed this decision, raising the following assignments of error:

{¶ 8} I. "It is error to not enforce the 30–day opportunity to initiate an administrative appeal in day care certificate revocation proceedings before a county department of job and family services."

{¶ 9} II. "It is error to not strictly enforce the notification terms contained in a governmental contract respecting the method of delivery of written notification of revocation of a certificate despite the availability of alternative methods of revocation."

{¶ 10} III. "It was error for the trial court to find review of the notice of revocation to be 'moot' and to refuse to scrutinize its adequacy from the standpoint of due process considerations."

{¶ 11} In her first assignment of error, Crawford–Cole argues that pursuant to R.C. 119.07, she should have been allowed 30 days in which to file her administrative appeal of LCDJFS's decision to revoke her home day-care license. Instead, she was allowed only ten days to file her appeal, in accordance with O.A.C. 5101:2–14–40.

{¶ 12} R.C. 5104.011(G) provides that the director of job and family services shall adopt rules pursuant to R.C. Chapter 119 governing the certification of type B family day-care homes.

{¶ 13} R.C. 119.06, which discusses adjudication orders, states:

{¶ 14} "No adjudication order [of an agency] shall be valid unless an opportunity for a hearing is afforded in accordance with sections 119.01 to 119.13 of the Revised Code. Such opportunity for a hearing shall be given before making the adjudication order except in those situations where this section provides otherwise."

{¶ 15} " 'Adjudication' means the determination by the highest or ultimate authority of an agency of the rights, duties, privileges, benefits, or legal relationships of a specified person * * *." R.C. 119.01(D).

{¶ 16} Applying the foregoing law to the facts of this case, we find that pursuant to R.C. 119.06, LCDJFS was required to provide Crawford–Cole with an opportunity for a hearing in connection with its decision to revoke her home day-care license.

{¶ 17} R.C. 119.07 deals with notice of agency adjudication hearings and states:

{¶ 18} "[I]n all cases in which section 119.06 of the Revised Code requires an agency to afford an opportunity for a hearing prior to the issuance of an order, the agency shall give notice to the party informing him of his right to a hearing. Notice * * * shall include * * * a statement informing the party that *he is entitled to a hearing if he requests it within thirty days of the time of [the] mailing [of] the notice. * * *"* [1] (Emphasis added.)

{¶ 19} When R.C. 119.07 is applied to the instant case, we find that Crawford–Cole was entitled to a hearing on the decision to revoke her license as long as she requested it within 30 days of the date that notice of that decision was mailed to her.

{¶ 20} O.A.C. 5101:2–14–40, the administrative rule that was relied upon both by LCDJFS and the trial court, provides a considerably shorter time for appeal, stating:

---

1. The applicable version of R.C. 119.07 was enacted effective March 27, 1991. A revised version was enacted effective September 29, 2007.

{¶ 21} "The request for a county appeal review shall be submitted in writing to the CDJFS *no later than ten calendar days* after the mailing date of the CDJFS notification that there will be an adverse action taken on his/her application for certification or his/her certification." (Emphasis added.)

{¶ 22} Because Crawford–Cole was allowed only 10 days in which to request her appeal in accordance with O.A.C. 5101:2–14–40, and not 30 days as permitted by R.C. 119.07, we must determine which of the two deadlines applies.

{¶ 23} The purpose of administrative rules is to accomplish the ends sought by legislation enacted by the General Assembly. *Hoffman v. State Med. Bd. of Ohio,* 113 Ohio St.3d 376, 2007-Ohio-2201, 865 N.E.2d 1259, ¶ 17. Thus, "[r]ules promulgated by administrative agencies are valid and enforceable unless unreasonable or in conflict with statutory enactments covering the same subject matter." *State ex rel. Curry v. Indus. Comm.* (1979), 58 Ohio St.2d 268, 269, 12 O.O.3d 271, 389 N.E.2d 1126. If an administrative rule either adds to or subtracts from a legislative enactment, it creates a clear conflict with the statute, and the rule is invalid, *Cent. Ohio Joint Vocational School Dist. Bd. of Edn. v. Ohio Bur. of Emp. Servs.* (1986), 21 Ohio St.3d 5, 10, 21 OBR 269, 487 N.E.2d 288, and unconstitutional. *Midwestern College of Massotherapy v. Ohio Med. Bd.* (1995), 102 Ohio App.3d 17, 23, 656 N.E.2d 963 (stating that a rule that is in conflict with the law is unconstitutional because it surpasses administrative powers and constitutes a legislative function).

{¶ 24} Here, O.A.C. 5101:2–14–40, which allows only ten days in which to file a county appeal review, clearly subtracts from, and therefore conflicts with, R.C. 119.07, which grants a 30–day deadline for the same activity. Given this conflict, we conclude that O.A.C. 5101:2–14–40 is invalid. Pursuant to R.C. 119.07, Crawford–Cole should have been afforded 30 days in which to file her appeal with the agency.[2] For the foregoing reasons, appellant's first assignment of error is found well taken.

{¶ 25} Because our decision with respect to appellant's first assignment of error results in Crawford–Cole obtaining the entirety of the relief sought by her appeal, we find that her remaining assignments of error have been rendered moot.

---

2. To the extent that LCDJFS argues that Crawford–Cole's appeal to the trial court was improper due to her failure to exhaust her administrative remedies, we note that failure to exhaust administrative remedies is not a necessary prerequisite to an action, such as the one at hand, that challenges the constitutionality of an administrative rule. See *Derakhshan v. State Med. Bd. of Ohio,* 10th Dist. No. 07AP–261, 2007-Ohio-5802, 2007 WL 3148684, citing *Jones v. Chagrin Falls* (1997), 77 Ohio St.3d 456, 462, 674 N.E.2d 1388.

{¶ 26} The judgment of the Lucas County Court of Common Pleas is reversed, and the matter is remanded to LCDJFS for additional proceedings consistent with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.

Judgment reversed
and cause remanded.

PIETRYKOWSKI, P.J., and HANDWORK, J., concur.