[Cite as *Crawford-Cole v. Lucas Cty. Dept. of Job & Family Servs.*, 121 Ohio St.3d 560, 2009-Ohio-1355.]

CRAWFORD-COLE, APPELLEE, *v*. LUCAS COUNTY DEPARTMENT OF JOB & FAMILY SERVICES, APPELLANT.

[Cite as *Crawford-Cole v. Lucas Cty. Dept. of Job & Family Servs.*, 121 Ohio St.3d 560, 2009-Ohio-1355.]

*Administrative procedure – R.C. Chapter 5104 – Child day-care – Time for appeal of agency decision revoking certification of type B family day-care home is set forth in Ohio Adm.Code 5101:2-14-40 – Type B family day-care homes receive certification from county agency, not state – Deadline in R.C. 119.07 does not apply, as R.C. Chapter 119 applies only to state agency decisions.*

(No. 2008-0462 — Submitted January 13, 2009 — Decided March 31, 2009.)

APPEAL from the Court of Appeals for Lucas County,

No. L-07-1188, 174 Ohio App.3d 617, 2008-Ohio-359.

_____

SYLLABUS OF THE COURT

R.C. 119.07, which establishes a 30-day time period in which to request a hearing on an agency determination, applies only to state agencies. Ohio Adm.Code 5101:2-14-40, which sets forth a 10-day period in which to request a hearing on a county's action concerning the certification of a type B family day-care home, applies to county agencies.

_____

O'DONNELL, J.

{¶ 1} The Lucas County Department of Job & Family Services ("LCDJFS") appeals from a decision of the Sixth District Court of Appeals that reversed the trial court's order dismissing Patricia Crawford-Cole's administrative appeal from the agency's revocation of her certificate to operate a type B family

day-care home. The issue presented concerns which time period applies for a type B day-care home provider to request administrative review of a county's order revoking the provider's certificate. According to the trial court, a 10-day period applies pursuant to Ohio Adm.Code 5101:2-14-40, while the court of appeals held that a 30-day period applies pursuant to R.C. 119.07.

{¶ 2} After review, we conclude that R.C. 119.07, which establishes a 30-day time period in which to request a hearing on an agency determination, applies only to state agencies. Ohio Adm.Code 5101:2-14-40, which sets forth a 10-day period in which to request a hearing on a county's action concerning the certification of a type B family day-care home, applies to county agencies.

**Facts and Procedural History**

{¶ 3} In July 2006, Crawford-Cole and LCDJFS entered into a contract authorizing Crawford-Cole to operate a type B family day-care in her home. Shortly after the effective date of the contract, on July 20, 2006, LCDJFS conducted an unannounced inspection of Crawford-Cole's home, and the investigator found ten violations of state day-care regulations.

{¶ 4} On July 24, 2006, LCDJFS sent Crawford-Cole a letter by certified mail notifying her that the agency had decided to revoke her certificate as of August 3, 2006, based on the violations. The letter also informed Crawford-Cole that she could request a hearing on the decision pursuant to Ohio Adm.Code 5101:2-14-40, which requires the request to be filed within 10 days of the date of the revocation letter. Someone in Crawford-Cole's household signed for the certified mail receipt, although the date of receipt is not clear from the record.

{¶ 5} Crawford-Cole did not, however, file a timely request pursuant to the Administrative Code. Rather, she wrote LCDJFS a letter dated August 10, 2006, claiming that she had not received notice until August 9, 2006. She also called the agency, which advised her that she had missed the deadline and that her request for a hearing would not be granted.

**{¶ 6}** In September 2006, Crawford-Cole filed an administrative appeal in the Lucas County Common Pleas Court. LCDJFS moved to dismiss the appeal, contending that Crawford-Cole had not exhausted her administrative remedies, because she had failed to request a hearing within 10 days as required by Ohio Adm.Code 5101:2-14-40. The trial court granted the motion and dismissed the appeal for lack of subject matter jurisdiction.

**{¶ 7}** Crawford-Cole appealed to the Sixth District Court of Appeals, arguing that the administrative rule is invalid because it conflicts with R.C. 119.07, that LCDJFS did not follow the administrative rule, and that the administrative rule violates due process. The court of appeals held that the 10-day filing period set forth in the Administrative Code is invalid because it conflicts with R.C. 119.07, which sets forth a 30-day period in which to appeal a decision by an agency. *Crawford-Cole v. Lucas Cty. Dept. of Job & Family Servs.*, 174 Ohio App.3d 617, 2008-Ohio-359, 883 N.E.2d 1118, ¶ 24. Thus, the appellate court reversed and remanded to the agency for further proceedings. The court of appeals did not review her remaining assignments of error, finding that its decision rendered them moot. Id. at ¶ 25, 26.

**{¶ 8}** In its memorandum in support of jurisdiction filed in this court, LCDJFS presented one proposition of law: "The Appellate Court erred in applying the R.C. 119.07 thirty-day period to appeal a Certificate revocation by [LCDJFS] instead of the ten-day period under OAC 5101:2-14-40 because although the rule may have been adopted in accordance with R.C. Chapter 119, R.C. Section 5101.09 specifically exempts the rule from the requirements of R.C. Sections 119.06 to 119.13, which include the 30-day limit." In its merit brief, LCDJFS presents two additional propositions that essentially raise the same issue: whether a 10-day filing period applies to Crawford-Cole's hearing request pursuant to the Administrative Code, or whether a 30-day filing period applies pursuant to the Revised Code.

**{¶ 9}** LCDJFS concedes that R.C. 119.07 sets forth a 30-day period in which to request a hearing from an agency's administrative decision, but it asserts that R.C. 5101.09 specifically exempts county agencies from this requirement. The state of Ohio has filed an amicus brief in support of LCDJFS in which it argues that R.C. Chapter 119 applies only to state agencies. Crawford-Cole, on the other hand, claims that R.C. 119.07 applies in this instance and that she should have been provided 30 days in which to request a hearing from the county.

### Type B Family Day-Care Homes

**{¶ 10}** This case concerns the procedure for seeking a hearing on the decision of a county department of job and family services to revoke the certification for a type B family day-care home. R.C. 5104.01(SS) defines "Type B family day-care home" as "a permanent residence of the provider in which child care is provided for one to six children at one time and in which no more than three children are under two years of age at one time." Furthermore, R.C. 5104.01(F) defines a "certified type B family day-care home" as "a type B family day-care home that is certified by the director of the county department of job and family services pursuant to section 5104.11 of the Revised Code to receive public funds for providing child care pursuant to this chapter and any rules adopted under it."

**{¶ 11}** R.C. 5104.11 sets forth the specific requirements for type B homes and authorizes the county departments of job and family services to conduct inspections and to issue and revoke certifications. For example, R.C. 5104.11(A)(1) states that "[e]very person desiring to receive certification for a type B family day-care home to provide publicly funded child care shall apply for certification to the county director of job and family services * * *." R.C. 5104.11(B) then states, "If the county director of job and family services determines that the type B family day-care home complies with this chapter and any rules adopted under it, the county director shall issue to the provider a

certificate to provide publicly funded child care, which certificate is valid for twelve months, unless revoked earlier. The county director may revoke the certificate after determining that revocation is necessary."

{¶ 12} A critical distinction exists between type B homes and all other day-care facilities, such as type A homes, in that a type B home receives certification from a *county* department of job and family services, while all other facilities receive licensure from the *state* department of job and family services. R.C. 5401.11(B) (county director of job and family services is responsible for issuing certificate to type B facilities, i.e., facilities for one to six children); R.C. 5401.02(A) (director of state department of job and family services is responsible for licensing facilities for more than six children, including type A homes).

{¶ 13} The General Assembly has authorized the director of job and family services to "adopt rules pursuant to Chapter 119 of the Revised Code governing the certification of type B family day-care homes." R.C. 5104.011(G). According to R.C. 5104.011(G)(2):

{¶ 14} "The rules * * * shall include the following:

{¶ 15} "* * *

{¶ 16} "(g) Procedures for issuing, renewing, denying, refusing to renew, or revoking certificates."

{¶ 17} Pursuant to this statutory mandate, the Ohio Department of Job & Family Services promulgated Ohio Adm.Code 5101:2-14-40, which provides:

{¶ 18} "(A) An applicant, certified professional type B or limited home provider, and professional or limited certified in-home aide shall be informed in writing of the right to request a county appeal review when questioning the actions of the county department of job and family services (CDJFS) with respect to their certification.

{¶ 19} "(B) The following actions of the CDJFS are subject to appeal:

{¶ 20} "* * *

**{¶ 21}** "(3) The CDJFS has notified the provider that his or her certificate has been or will be revoked."

**{¶ 22}** Former Ohio Adm.Code 5101:2-14-40(C) then stated, "The request for a county appeal review shall be submitted in writing to the CDJFS no later than ten calendar days after the mailing date of the CDJFS notification that there will be an adverse action taken on his/her application for certification or his/her certification."[1]

**{¶ 23}** Thus, as it existed in 2006, Ohio Adm.Code 5101:2-14-40(C) required a type B family day-care provider to request a review hearing from the county department of job and family services within 10 days of the mailing date of the department's notification. In this case, Crawford-Cole did not file a request within this period, and the trial court concluded that she had failed to exhaust her administrative remedies. On appeal, however, the Sixth District held that the 10-day period set forth in Ohio Adm.Code 5101:2-14-40 is invalid because it conflicts with the 30-day appeals period in R.C. 119.07.

**Whether Ohio Adm.Code 5101:2-14-40 conflicts with R.C. 119.07**

**{¶ 24}** The appellate court based its decision on the fact that R.C. 5104.011(G) obligates the Ohio Department of Job and Family Services to "adopt rules pursuant to Chapter 119 of the Revised Code governing the certification of type B family day-care homes." According to the court of appeals, this requirement demonstrates that the legislature intended the rules promulgated under R.C. 5104.011(G)(2)(g) to comply with the notice and hearing requirements for agency decisions set forth in R.C. Chapter 119.

**{¶ 25}** R.C. 119.07 states, "Notice [of the agency's action] shall be given by registered mail, return receipt requested, and shall include the charges or other reasons for the proposed action, the law or rule directly involved, and a statement

---

1. This provision was amended on August 14, 2008, and now provides 15 days in which to request a hearing from the department.

informing the party that *the party is entitled to a hearing if the party requests it within thirty days of the time of mailing the notice*." (Emphasis added.)

**{¶ 26}** Thus, because R.C. 119.07 sets forth a 30-day period in which to request a hearing, the court of appeals held that Ohio Adm.Code 5101:2-14-40 cannot provide a shorter period in which to request a hearing on the county's decision to revoke Crawford-Cole's type B certificate.

**{¶ 27}** The appellate court, however, overlooked two important aspects of these statutes.

**{¶ 28}** First, R.C. Chapter 119 focuses on two distinct sets of procedures: one, the procedures governing administrative rulemaking, and two, the procedures governing administrative decisions by agencies. The first part of the chapter, R.C. 119.02 to 119.04, deals with rulemaking and requires agencies to give public notice of proposed rules, R.C. 119.03(A), to submit proposed rules to the Joint Committee on Agency Rule Review, R.C. 119.03(H), and to submit rules to the Legislative Service Commission for publication in the Ohio Register, R.C. 119.03(B). These statutes establish procedures for the adoption, amendment, and rescission of administrative rules. See *Condee v. Lindley* (1984), 12 Ohio St.3d 90, 93, 12 OBR 79, 465 N.E.2d 450 ("The rulemaking requirements set forth in R.C. Chapter 119 are designed to permit a full and fair analysis of the impact and validity of a proposed rule").

**{¶ 29}** It is the second part of the chapter, R.C. 119.06 to 119.13, that concerns agency adjudications and the procedures for notice, hearing, and appeal of those decisions.

**{¶ 30}** Here, the mandate in R.C. 5104.011(G) for the Ohio Department of Job and Family Services to "adopt rules pursuant to Chapter 119 of the Revised Code governing the certification of type B family day-care homes" clearly refers to the part of R.C. Chapter 119 that concerns the rulemaking process, not to the part that concerns notice, hearing, and appeal of decisions by an agency.

**{¶ 31}** Had the General Assembly intended for the notice and hearing requirements set forth in R.C. 119.06 to 119.13 to apply to the revocation of a type B day-care certificate, it could have specified that in the statute, just as it did with respect to type A and other day-care facilities. For example, R.C. 5104.011(F) requires the director of job and family services to "adopt rules pursuant to Chapter 119 of the Revised Code governing the operation of type A family day-care homes," but it further states:

**{¶ 32}** "The rules shall include the following:

**{¶ 33}** "* * *

**{¶ 34}** "(9) Procedures for issuing, renewing, denying, and revoking a license *that are not otherwise provided for in Chapter 119 of the Revised Code*." (Emphasis added.)

**{¶ 35}** In contrast to R.C. 5104.011(F)(9), R.C. 5104.011(G)(2)(g), the section at issue in this case, requires the rules to include "[p]rocedures for issuing, renewing, denying, refusing to renew, or revoking certificates" without any reference to R.C. Chapter 119. Reading these statutes in pari materia, we conclude that the General Assembly's reference to R.C. Chapter 119 in R.C. 5104.011(G)(2) relates to the statutes governing agency *rule* making, R.C. 119.02 to 119.04, not to the statutes governing agency *decision* making, R.C. 119.06 to 119.13.

**{¶ 36}** Additional evidence for this legislative intent is found in R.C. 5101.09(B), which states: "Except as otherwise required by the Revised Code, the adoption of a rule in accordance with Chapter 119 of the Revised Code does not make the department of job and family services, *a county family services agency*, or a workforce development agency subject to the notice, hearing, or other requirements of sections 119.06 to 119.13 of the Revised Code." (Emphasis added.) And pursuant to R.C. 307.981(A)(1)(a)(ii), a "county family services agency" includes "[a] county department of job and family services."

{¶ 37} Thus, the 30-day period set forth in R.C. 119.07 does not apply to the county's decision to revoke Crawford-Cole's type B certificate and does not conflict with the 10-day period set forth in Ohio Adm.Code 5101:2-14-40.

{¶ 38} Secondly, R.C. Chapter 119 applies only to *state* agencies. R.C. 119.01 provides:

{¶ 39} "As used in sections 119.01 to 119.13 of the Revised Code:

{¶ 40} "(A)(1) 'Agency' means, except as limited by this division, any official, board, or commission having authority to promulgate rules or make adjudications in the civil service commission, the division of liquor control, the department of taxation, the industrial commission, the bureau of workers' compensation, the functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state specifically made subject to sections 119.01 to 119.13 of the Revised Code, and the licensing functions of any administrative or executive officer, department, division, bureau, board, or commission of the government of the state having the authority or responsibility of issuing, suspending, revoking, or canceling licenses."

{¶ 41} All of the entities enumerated in R.C. 119.01(A)(1) are arms of "the government of the state," and the words "county," "municipality," or "political subdivision" do not appear anywhere in the statute. Furthermore, we reviewed R.C. 119.01(A)(1) in *Karrick v. Findlay School Dist. Bd. of Edn.* (1963), 174 Ohio St. 467, 469, 23 O.O.2d 114, 190 N.E.2d 256, and stated that "[a] careful reading of the above-quoted statutory language [in R.C. 119.01(A)] clearly indicates that *only agencies at the state level of government are covered by* [*R.C. Chapter 119*]." (Emphasis added.) Id. at 468-469. We explained that the Administrative Procedure Act "was originally enacted in 1943 following a study by the Administrative Law Commission of state departments, commissions, boards and bureaus. Such commission made no attempt to examine the

procedures and processes of local government boards, commissions, or departments." Id.

{¶ 42} In other contexts, the General Assembly has manifested its intent to include both state agencies and counties in the scope of a statute; for example, R.C. 4117.01(B) defines a "public employer" as including both a "county" and a "state agency." Here, the legislature could have expressly included county agencies in the definition of "agency" under R.C. 119.01(A)(1), but it did not. And as this court stated in *Myers v. Toledo*, 110 Ohio St.3d 218, 2006-Ohio-4353, 852 N.E.2d 1176, ¶ 24, "[t]he canon expressio unius est exclusio alterius tells us that the express inclusion of one thing implies the exclusion of the other."

{¶ 43} Moreover, a separate statute in the Revised Code expressly governs appeals from final decisions by political subdivisions such as counties. R.C. 2506.01(A) states that "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division *of any political subdivision of the state* may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505 of the Revised Code." (Emphasis added.)

{¶ 44} Based on the foregoing, we conclude that the 30-day period set forth by R.C. 119.07 does not apply to a request for a hearing on the decision of a county agency or conflict with the 10-day period set forth in Ohio Adm.Code 5101:2-14-40. Accordingly, we reverse the decision of the court of appeals and remand the cause to the court of appeals for consideration of the remaining assignments of error.

Judgment reversed
and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, LANZINGER, and CUPP, JJ., concur.

10

_____

Terry J. Lodge, for appellee.

Julia R. Bates, Lucas County Prosecuting Attorney, and John A. Borell and Karlene D. Henderson, Assistant Prosecuting Attorneys, for appellant.

Richard Cordray, Attorney General, Benjamin C. Mizer, Solicitor General, Stephen P. Carney, Deputy Solicitor, Rebecca L. Thomas, Assistant Solicitor, and Henry G. Appel, Assistant Attorney General, urging reversal for amicus curiae, state of Ohio.

_____