[Cite as *Joseph v. Muskingum Cty. Dept. of Job & Family Servs.*, 2011-Ohio-3024.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JANET JOSEPH | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Appellant | : | Hon. Julie A. Edwards, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2011-0004 |
| MUSKINGUM COUNTY | : | |
| DEPARTMENT OF JOB AND | : | |
| FAMILY SERVICES | : | |
| | : | |
| | : | |
| Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Muskingum County Court
of Common Pleas, Case No. CF2010-0322


JUDGMENT:    AFFIRMED


DATE OF JUDGMENT ENTRY:    June 13, 2011


APPEARANCES:

For Appellant:

BRIAN W. BENBOW
605 Market St.
Zanesville, OH 43701

For Appellee:

D. MICHAEL HADDOX
MUSKINGUM COUNTY PROSECUTOR

WALTER K. CHESS, JR.
27 N. 5th St., Suite 201
P.O. Box 189
Zanesville, OH 43702-0189

*Delaney, J.*

{¶1} Appellant Janet Joseph appeals the January 26, 2011 judgment of the Muskingum County Court of Common Pleas to affirm the decision of the Muskingum County Department of Job and Family Services to revoke Appellant's Type B child care certification.

{¶2} This case comes to us on the accelerated calendar. App. R. 11.1, which governs accelerated calendar cases, provides in pertinent part:

{¶3} "(E) Determination and judgment on appeal.

{¶4} "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

{¶5} "The decision may be by judgment entry in which case it will not be published in any form."

{¶6} This appeal shall be considered in accordance with the aforementioned rule.

## STATEMENT OF THE FACTS AND CASE

{¶7} Appellant is a state-licensed Type B child care provider through the Muskingum County Department of Job and Family Services (MCDJFS). Appellant operates a child care facility in her home. MCDJFS, through statute and the Ohio Administrative Code, has the responsibility of regulating certified day care providers within the county.

{¶8} Appellant and her husband have seven children living in their home. Appellant and her husband have legal custody of four children and have three adopted

children.  At issue in the present case is B.R., Appellant's twelve-year old foster child. B.R. has behavioral issues that include aggressive outbursts and has been diagnosed with Intermittent Explosive Disorder.

{¶9}   On December 7, 2009, B.R. reported to his schoolteacher that Appellant had whipped him with a belt 21 times.  B.R. had what appeared to be belt marks on his body.  The schoolteacher reported the incident to Muskingum County Children Services Agency ("MCCSA").  MCCSA investigated B.R.'s allegation and removed B.R. from Appellant's home pursuant to a Safety Plan.  Appellant's caseworker reported to MCDJFS that an investigation into abuse by one of their licensed child care providers had been opened.  B.R. was returned to Appellant's home the next day.

{¶10}  Appellant stated that B.R. got marks on his body from fighting with two of her other boys.  As punishment for fighting, Appellant admitted that she spanked the boys two times with a belt.

{¶11}  On January 11, 2010, Muskingum County Children Services reported to MCDJFS that Children Services had substantiated physical abuse against B.R. by Appellant.

{¶12}  MCDJFS sent Appellant a letter on January 12, 2010, notifying Appellant that her Type B certification had been revoked pursuant to O.A.C. 5101:2-14-06(B)(1), (C)(2), and 5101:2-14-05(G).  The letter stated in part, "Muskingum County Children Services substantiated physical abuse to a child, with you being the perpetrator."

{¶13}  Appellant appealed the revocation under O.A.C. 5101:2-14-40.  A hearing was held before the Hearing Officer and Deputy Director of Social Services of MCDJFS. Based on the evidence presented at the hearing, the Hearing Officer affirmed the

decision to revoke Appellant's Type B child care certification by written decision on May 6, 2010. The Hearing Officer determined that a substantiated child abuse claim determined by MCCSA existed against Appellant. The Hearing Officer also found under the totality of the circumstances that B.R.'s behaviors were not conducive to a safe environment for providing child care in Appellant's home.

{¶14} Appellant appealed the administrative decision to the Muskingum County Court of Common Pleas. On January 26, 2010, the trial court affirmed the decision to revoke Appellant's Type B child care certification.

{¶15} It is from this decision Appellant now appeals.

{¶16} Appellant raises two Assignments of Error:

{¶17} "I. THE FINDING THAT APPELLANT CAUSED PHYSICAL ABUSE TO A CHILD AND THAT APPELLANT'S HOME WAS NOT 'CONDUCIVE TO A SAFE ENVIRONMENT FOR PROVIDING CHILD CARE' IS AGAINST BOTH THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE.

{¶18} "II. THE MUSKINGUM COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES VIOLATED O.A.C. 5101:2-14-05(D)(1) WHEN IT ISSUED ITS DECISION TO AFFIRM THE REVOCATION OF APPELLANT'S PROFESSIONAL CERTIFICATION FOR REASONS THAT WENT BEYOND THE WRITTEN NOTICE SET FORTH IN THE JANUARY 12, 2010 LETTER NOTIFYING APPELLANT OF THE DECISION TO REVOKE HER PROFESSIONAL CERTIFICATION. THE MUSKINGUM COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES ACCORDINGLY VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY ISSUING A DECISION

WITHOUT GIVING PROPER, ADVANCE, [SIC] NOTICE TO APPELLANT OF THE REASON THAT HER PROFESSIONAL CERTIFICATION WAS REVOKED."

## STANDARD OF REVIEW

{¶19} Before we address Appellant's Assignments of Error, we will consider the applicable standard of review for Appellant's administrative appeal.

{¶20} The Ohio Supreme Court has held that R.C. 119.12 does not apply to proceedings related to the revocation of Type B child care certifications. *Crawford-Cole v. Lucas Cty. Dept. of Job & Family Servs.,* 121 Ohio St.3d 560, 2009-Ohio-1355, 906 N.E.2d 409, ¶31. Administrative appeal proceedings for Type B child care certifications are examined by a court of common pleas pursuant to R.C. 2506.01(A). R.C. 2506.01(A) states that "every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505 of the Revised Code."

{¶21} R.C. 2506.04 sets forth the applicable standard of review for a court of common pleas to review an administrative appeal:

{¶22} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or

opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505 of the Revised Code."

{¶23} In *Henley v. Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433, the Ohio Supreme Court stated: "[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. (Citation omitted)." *Pataskala Banking Co. v. Etna Tp. Bd. of Zoning Appeals,* Licking App. Nos. 07-CA-116, 07-CA-117, 07-CA-118, 2008-Ohio2770, ¶ 13.

{¶24} This Court's standard of review of a R.C. 2506.04 appeal is "more limited in scope." *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 465 N.E.2d 848. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court. Within the ambit of 'questions of law' for appellate court review would be abuse of discretion by the common pleas court." Id. at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial.

Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264. We must affirm the trial court's decision if such evidence exists in the record. *Kisil,* 12 Ohio St.3d at 34, 465 N.E.2d 848.

## I.

{¶25} Appellant argues in her first Assignment of Error that the trial court's affirmance of the determination that Appellant committed physical abuse to B.R. and that Appellant's home was not conducive to a safe environment for providing child care was against the sufficiency and manifest weight of the evidence. Appellant states the trial court erred when it found that the decision to revoke Appellant's Type B child care certification was supported by the preponderance of substantial, reliable, and probative evidence.

{¶26} The focus of Appellant's argument before the Hearing Officer, the trial court, and on appeal is that the MCCSA finding of substantiated child abuse was in error. Appellant also argues against the finding that her home was not conducive to child care because of B.R.'s behavioral issues. Upon the limited standard of review at the appellate level, we are able to address only questions of law. Our role is not to weigh the preponderance of substantial, reliable and probative evidence as that is the duty of the trial court to examine the evidence. Accordingly, we cannot weigh the evidence to reach Appellant's arguments of whether child abuse occurred or whether her home is conducive to child care.

{¶27}  It is within our purview, however, to review O.A.C. 5101:2-14-06 and the duties of the MCDJFS in revoking a Type B child care certification.  The administrative code states in pertinent part:

{¶28}  "* * *

{¶29}  "(C) The CDJFS [County Department of Job and Family Service] shall only revoke a certificate after conducting a county appeal review in accordance with procedures outlined in rule 5101:2-14-40 of the Administrative Code *unless one of the following occurs*:

{¶30}  "(1) The public children services agency (PCSA), CDJFS or a law enforcement agency determines that children are at risk of being abused or neglected or conditions in the type B home or the home of a child receiving in-home aide services endanger the health, safety or well-being of children.

{¶31}  "(2) *The PCSA, a law enforcement agency or the court have determined that children have been abused or neglected while in the type B home or under the care of the type B home provider or in-home aide.*

{¶32}  * * *

{¶33}  "(D) *When the CDJFS has identified that any of the conditions listed in paragraph (C) of this rule have occurred, the CDJFS shall immediately revoke the type B home* or in-home aide certificate and send within two working days written notification to the provider which contains the following information:

{¶34}  "* * *" (Emphasis added.)

{¶35}   In this case, MCDJFS received notification that the MCCSA determined B.R. had been abused while under the care of a Type B home provider, Appellant.

Pursuant to the cited Ohio Administrative Code, if such a determination has been made by a Children Services Agency, the MCDJFS must immediately revoke the Type B child care certification. Appellant does not point to any language within the Administrative Code that states that the MCDJFS has discretion to determine whether the finding of child abuse by the MCCSA is valid or not.

{¶36} Based on O.A.C. 5101:2-14-06, there was sufficient evidence for the trial court to find that MCDJFS must revoke Appellant's Type B child care certification because of the MCCSA's determination of child abuse. The report of child abuse alone is sufficient to warrant revocation of the Type B certification under the O.A.C. The trial court did not abuse its discretion in affirming the Hearing Officer's decision. Accordingly, we overrule Appellant's first Assignment of Error.

**II.**

{¶37} Appellant argues in her second Assignment of Error that her due process rights were violated because the MCDJFS did not provide her adequate written notice of the reasons for revoking her Type B child care certification as were stated in the May 6, 2010 Hearing Officer's Decision. We disagree.

{¶38} MCDJFS sent written notification of revocation to Appellant pursuant to O.A.C. 5101:2-14-06. The notice of revocation under O.A.C. 5101:2-14-06 requires the following:

{¶39} "(D) When the CDJFS has identified that any of the conditions listed in paragraph (C) of this rule have occurred, the CDJFS shall immediately revoke the type B home or in-home aide certificate and send within two working days written notification to the provider which contains the following information:

{¶40} "(1) The reason for revocation of the certificate.

{¶41} "(2) The rule or statute violated, as applicable.

{¶42} "(3) The right of a provider to appeal the decision and request a county appeal review in accordance with procedures outlined in rule 5101:2-14-40 of the Administrative Code.

{¶43} "(4) The effective date the certificate was revoked.

{¶44} "(5) Notice that reapplication for limited or professional certification cannot occur for at least five years following revocation, or the provider's voluntary withdrawal from the certification program as a result of CDJFS notification of its intent to revoke the provider's certificate."

{¶45} The written notification letter sent to Appellant states in pertinent part:

{¶46} "This notice is to advise you that the Muskingum County Department of Job and Family Services has revoked your professional certification, effective January 12, 2010.

{¶47} "The reasons for the above action is supported by Ohio Administrative Code 5101:2-14-06(B)(1), (C)(2), and 5101:2-14-05(G). Muskingum County Children Services substantiated physical abuse to a child, with you being the perpetrator."

{¶48} O.A.C. 5101:2-14-06(B)(1) reads: "(B) Reasons for denial of an application or revocation of a certificate may include but are not limited to the following: (1) Noncompliance with Chapter 5101:2-14 of the Administrative Code and Chapter 5104. of the Revised Code."

{¶49} O.A.C. 5101:2-14-06(C)(2) is recited above.

{¶50} O.A.C. 5101:2-14-05(G) states, "The CDJFS shall obtain information from the public children services agency (PCSA) by completing the JFS 01302 'Request for Child Abuse and Neglect Report Information' (rev. 9/2006). The CDJFS shall consider any information provided by the PCSA within the totality of circumstances to determine if the provider may endanger the health, safety, or welfare of children."

{¶51} Appellant appealed the decision pursuant to O.A.C. 5101:2-14-40.

{¶52} In the May 6, 2010 Hearing Officer's decision, it states:

{¶53} "* * *The witness's testimony to the character of Janet Joseph does not negate the substantiated child abuse determined by Children Services. This evidence in addition to the evidence of [B.R.]'s aggressive outbursts and behavior towards others demonstrates the home is not conducive to a safe environment for providing child care. Based on the totality of the circumstances the Job and Family Services [A]gency was correct to revoke Ms. Joseph's child care certification."

{¶54} Appellant argues that she was not made aware through the written notification that the condition of her home environment was also under consideration for the revocation of her Type B child care certification.

{¶55} We find that the Hearing Officer's decision considered the totality of the circumstances as listed in O.A.C. 5101:2-14-05(G) to determine whether to affirm the decision to revoke Appellant's Type B child care certification. At the hearing, the parties discussed the alleged physical abuse of B.R. that was reported by the MCCSA. But in arguing that Appellant did not abuse B.R. and that the MCCSA report was incorrect, Appellant brought forth evidence of B.R.'s aggressive behaviors towards the children he lived with and Appellant's ability to manage B.R.'s behaviors. We find that under O.A.C.

5101:2-14-05(G), the Hearing Officer could consider the totality of the circumstances to determine if the child care provider might endanger the health, safety, or welfare of the children in her care. Appellant was notified of that provision in the written notification letter sent by the MCDJFS on January 12, 2010.

{¶56} Appellant's second Assignment of Error is overruled.

{¶57} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.

Wise, P.J. and

Edwards, J. concur.

 

 

HON. PATRICIA A. DELANEY

 

HON. JOHN W. WISE

 

HON. JULIE A. EDWARDS

[Cite as *Joseph v. Muskingum Cty. Dept. of Job & Family Servs.*, 2011-Ohio-3024.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JANET JOSEPH | : | |
| | : | |
| | : | |
| | : | |
| Appellant | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MUSKINGUM COUNTY | : | |
| DEPARTMENT OF JOB AND | : | |
| FAMILY SERVICES | : | |
| | : | |
| | : | Case No. CT2011-0004 |
| Appellee | : | |

For the reasons stated in our accompanying Opinion on file, the judgment of the Muskingum County Court of Common Pleas is affirmed.  Costs assessed to Appellant.

HON. PATRICIA A. DELANEY

HON. JOHN W. WISE

HON. JULIE A. EDWARDS